UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

       Plaintiff,

v.

THE KEYES COMPANY, RITA
DICKINSON and JUDITH TANNENBAUM,

       Defendants.

_____/

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC., a Florida corporation, by and through undersigned counsel, brings this Complaint against Defendant THE KEYES COMPANY, RITA DICKINSON and JUDITH TANNENBAUM for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. ("AAP") brings this action for violations of AAP's exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute AAP's original copyrighted works of authorship in its real estate photographs. AAP licenses its copyrighted works, such as the ones in this case, to real estate associates and brokerages for use in connection with promoting real estate listings.

2. AAP provides high-end real estate photography services to real estate brokers and agents in South Florida.

3. Robert Stevens is AAP's principal photographer and its founder.  Mr. Stevens' work is sought after by real estate professionals throughout South Florida.  For the past eight years, Stevens has photographed some of the most expensive real estate listings in U.S. history, including Donald Trump's mega-mansion in Palm Beach listed for $125 million. From Palm Beach to California, the Bahamas and New York, Stevens has been contracted to photograph the estates of Madonna, Celine Dion, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Bill Gates, Tommy Lee Jones, Bryant Gumble and Chris Evert.

4. The Defendants are a licensed real estate corporation and real estate associates licensed in the state of Florida. AAP alleges that the Defendants obtained AAP's copyrighted works from prior listings for other properties on multiple listing services of which Defendants are members in order to carry out their activities as professional real estate agents and brokers.

5. Defendants copied AAP's copyrighted photographs from these prior real estate listings without AAP's permission. The prior real estate listings that Defendants obtained to copy AAP's copyrighted photographs are available to all professional licensed real estate associates and brokers who are members of the multiple listing service where the photos were posted, and they are also available publicly on the internet.

6. Defendants distributed AAP's copyrighted photographs also without AAP's permission, such as through real estate listings on multiple listing services. The Defendants committed the violations alleged by copying and distributing AAP's copyrighted works in connection with Defendants' real estate listings posted on one or more multiple listing services

for purposes of advertising and promoting public real estate listings in the course and scope of the Defendants' professional real estate businesses.

7. AAP's works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

## JURISDICTION AND VENUE

8. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

9. This Court has subject matter jurisdiction over these claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a).

10. Defendants are subject to personal jurisdiction in Florida.

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

12. THE KEYES COMPANY ("Keyes") is a Florida corporation licensed by the Florida Department of Business and Professional Regulation as Real Estate Corporation, License CQ303131. Keyes' principal office is located at 2121 SW 3rd Avenue, Suite 601, Miami, Florida 33129.

13. RITA DICKINSON ("Dickinson") is a Florida licensed Real Estate Broker Sales Associate, License number BK3150361, who resides in Palm Beach County, Florida, and can be served at 218 North U.S. Highway One, Jupiter, Florida, 33469.

14. Dickinson is employed by or otherwise affiliated with Keyes.

15. JUDITH TANNENBAUM ("Tannenbaum") is a Florida licensed Real Estate Sales Associate, License number SL3285964, who resides in Palm Beach County, Florida, and can be served at 9917 Via Grande West, Wellington, Florida, 33411.

16. Tannenbaum is employed by or otherwise affiliated with Keyes.

17. Defendant Keyes, the broker for Dickinson and Tannenbaum, appears as listing broker on the real estate listings where Dickinson and Tannenbaum committed the violations of AAP's exclusive rights under the copyright act. Defendant Keyes is liable for the infringements by Dickinson and Tannenbaum because a Florida real estate broker is liable for the torts of its agents, even if those agents are treated as "independent contractors."

18. A person licensed as a real estate sales associate may not operate as a sales associate without a broker that is registered as her or his employer. Fla. Stat. § 475.42(1)(B). Moreover, the "terms "employ," "employment," "employer," and "employee," when used to describe the relationship between a broker like Keyes, Dickinson and Tannenbaum, include an independent contractor relationship when such relationship is intended by and established between a broker (Keyes) and a sales associate (Dickinson and Tannenbaum), and furthermore the existence of an independent contractor relationship shall not relieve the broker (Keyes) of its duties, obligations, or responsibilities, which include being responsible for the offences of Dickinson. Fla. Stat., § 475.01(2).

19. As a result, even if Keyes designates its agents as "independent contractors," Dickinson and Tannenbaum are "employees" under the Florida Real Estate Code and the

common law of principal/agent in Florida, Keyes is vicariously liable for its agents' acts committed in connection with and in furtherance of Keyes's real estate brokerage business.

## THE COPYRIGHTED WORKS AT ISSUE

20. Robert Stevens created the seven photographs at issue in this matter (hereinafter the "Works"). Copies of the Works are attached hereto as Exhibit 1.

21. After he created the Works, Stevens registered them with the Register of Copyrights as shown in the below list. Copies of the Registration Certificates are attached hereto as Exhibit 2.

| **Photograph Title** | **Registration Date** | **Registration Number** |
|---|---|---|
| Ocean Trail Aerial May 12, 2009 | 07.04.2014 | VA 1-919-585 |
| Ocean Trail Full Moon 1 AAP 09 May 8, 2009 | 07.05.2015 | VA 1-967-719 |
| 1004 Rhodes Villa Ave a | 04.06.20018 | Applied |
| 610 N. Ocean Blvd Night Pool 2017 AAP | 01.29.2017 | Applied |
| Evergrene aerial e 2013 AAP, Mar. 16, 2013 | 07.15.2015 | VA 1-967-718 |
| Frenchman's Reserve Golf AAP 2012 | 04.06.2018 | Applied |
| Admirals Cove Enterance 2012 AAP, Dec. 6, 2012 | 07.23.2015 | VA 1-967-114 |

22. At the time he created the Works at issue in this action, Stevens applied copyright management information to certain works at issue in this case consisting of his name and a copyright symbol in the lower left-hand corner of each photograph.

23. At all relevant times AAP was the owner of the Works at issue in this case. AAP became the owner of the copyrighted works either by virtue of the fact that the Works were works for hire taken by Robert Stevens' in the course and scope of his employment for AAP, and/or by written assignment from Stevens to AAP, including assignment of the copyright registrations for said Works.

## INFRINGEMENT BY DEFENDANTS

24. The Defendants have never been licensed to use the Works at issue in this action for any purpose.

25. On a date after the Works at issue in this action were created, but prior to the filing of this action, Defendants copied the Works.

26. Defendants copied AAP's copyrighted works from prior listings for other properties on multiple listing services of which Defendants are members or from the internet.

27. Defendants copied AAP's copyrighted photographs from these prior real estate listings or the internet without AAP's permission.

28. The prior real estate listings that Defendants obtained to copy AAP's copyrighted photographs are available to all professional licensed real estate associates and brokers who are members of the multiple listing service where the photos were posted, and they are also available publicly on the internet.

29. After Defendants copied the Works, they made further copies and distributed the Works on, inter alia, one or more multiple listing services or the internet to promote the sale of

the properties depicted in the Works or similar properties as part of their professional real estate businesses.

30. Defendants copied and distributed AAP's copyrighted Works in connection with Defendants' real estate listings posted on one or more multiple listing services for purposes of advertising and promoting public real estate listings in the course and scope of the Defendants' professional real estate businesses, and in the course and scope of rendering professional real estate services as associates and brokers.

31. AAP's works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets

32. Defendants Dickinson and Tannenbaum committed copyright infringement of the Works as evidenced by the documents attached hereto as Exhibit 3.

33. In connection with their infringement of the Works at issue in this action, Defendants removed copyright management information from the Works as evidenced by the documents attached hereto as Exhibits 4.

34. Neither AAP nor Stevens ever gave Defendants permission or authority to copy, distribute or display the Works at issue in this case, or create derivative works of the Works.

35. Neither AAP nor Stevens ever gave Defendants permission or authority to remove copyright management information from the Works at issue in this case.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT
## AGAINST DICKINSON AND TANNENBAUM

36. Plaintiff AAP incorporates the allegations of paragraphs 1 through 35 of this complaint as if fully set forth herein.

37. AAP owns valid copyrights in the Works at issue in this case.

38. AAP's registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

39. Defendants copied, displayed, and distributed the works at issue in this case and made derivatives of the works without AAP's authorization in violation of 17 U.S.C. § 501.

40. Defendants performed the acts alleged in the course and scope of their licensed real estate sales activities performed for Keyes.

41. AAP has been damaged.

42. The harm caused to AAP has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT
## AGAINST KEYES

43. Plaintiff AAP incorporates the allegations of paragraphs 1 through 35 of this complaint as if fully set forth herein.

44. AAP owns valid copyrights in the Works at issue in this case.

45. AAP's registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

46. Defendants copied, displayed, and distributed the Works at issue in this case and made derivatives of the works without AAP's authorization in violation of 17 U.S.C. § 501.

47. Defendants profited from the direct infringement of the exclusive rights of AAP in the Works at issue in this case under the Copyright Act while declining to exercise a right to stop it.

48. AAP has been damaged.

49. The harm caused to AAP has been irreparable.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION
## AGAINST DICKINSON AND TANNENBAUM

50. Plaintiff AAP incorporates the allegations of paragraphs 1 through 35 of this complaint as if fully set forth herein.

51. The Works at issue in this case contain copyright management information ("CMI").

52. Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Works at issue in this action in violation of 17 U.S.C. § 1202(b).

53. Defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of AAP's rights in the Works at issue in this action protected under the Copyright Act.

54. Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal

infringement of AAP's rights in the works at issue in this action protected under the Copyright Act.

55. AAP has been damaged.

56. The harm caused to AAP has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendants that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 §§ 504, 1203.

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: April 6, 2018                            Respectfully submitted,


*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
ALEXANDER C. COHEN

Florida Bar Number: 1002715
alex.cohen@sriplaw.com

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 North Federal Highway
Boca Raton, FL  33431
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Affordable Aerial Photography, Inc.*