United States District Court
Southern District of Floirda
Case Number 18-80442-CIV-COHN-MATTHEWMAN


AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
                      Plaintiff
vs.

THE KEYES COMPANY, RITA
DICKINSON AND JUDITH
TANNENBAUM
                      Defendant


ANSWER AND AFFIRMATIVE DEFENSES
of
THE KEYES COMPANY

answer to complaint

**The Keyes Company** hereby answers the complaint of Affordable Aerial Photography, Inc., and states:

1. The Keyes Company admits the following paragraphs of the complaint: paragraphs 8, 9, 10, 11, 12.

2. The Keyes Company admits in part and denies in part the following paragraphs of the complaint 13, 14, 15, 16, 17, 18:

3. Regarding paragraph 13, Defendant admits that Ms. Dickinson is a Florida licensed real estate broker sales associate who resides in Palm Beach County but is without knowledge of and therefore denies the other allegations of said paragraph

4. Regarding paragraph 14, Defendant admits that Ms. Dickinson is affiliated with the Defendant as an independent contractor, but denies the other allegation of said paragraph.

5. Regarding paragraph 15, Defendant admits that Ms. Tannenbaum is a Florida licensed real estate sales associate who resides in Palm Beach County but is without knowledge of and therefore denies the other allegations of said paragraph.

6. Regarding paragraph 16, Defendant admits that Ms. Tannenbaum is affiliated with the Defendant as an independent contractor, but denies the other allegation of said paragraph.

7. Regarding paragraph 17, Defendant admits that the Defendant is the corporate Real Estate Brokerage Company with whom Ms. Dickinson and Tannenbaum are affiliated and that the Defendant's name appears on the Ms Dickinson's listings, but it denies all other allegations of said paragraph

8. Regarding paragraph 18, Defendant admits that a person licensed as a real estate sales associate may not operate as a sales associate without a broker that is registered as her or his employer. pursuant to Fla. Stat. § 475.42(1)(b), and that the terms "employ," " employment," " employer," and " employee," as used in Chapter 475, F.S., include the relationship between a broker and its sales associates as an independent contractor relationship, but Defendant denies all other allegations of said paragraph

9. The Keyes Company denies the following paragraphs of the complaint: 5, 6, 19, 24, 25, 29;30, 32, 33, 34, 39, 40, 42, 46, 47, 49, 51, 52, 53, 54, 56.

10. The Keyes Company is without sufficient information or knowledge to form a belief as to the truth of the averments of and therefore denies the following allegations of the complaint: 4, 7, 20, 21, 22, 23, 26, 27; 28; 31, 35, 37, 38, 41, 44, 45, 48, 51, 55.

11. Except as expressly admitted herein above, The Keyes Company denies all other allegations of the complaint.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

12. Some or all of the works were registered more than 3 months after the first publication and after the commencement of infringing acts thereby precluding the Plaintiff from the right to recover statutory damages and attorney's fees.

SECOND AFFIRMATIVE DEFENSE

13. For each alleged act of infringement that occurred more than three years prior to the filing of this action, Plaintiff's claims are barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

14. Some or all of the Plaintiff's works have been released to the public domain and are available on the internet by other sources such that it could be said that Defendant's use is a fair use for which no claim of infringement will lie or the use is protected by the first sale doctrine.

### THIRD AFFIRMATIVE DEFENSE

15. Plaintiff's claims related to the photographs identified as "Evergreen aerial e, Frenchman's Reserve Golf, and Admirals Cove Entrance" are barred because the Sales Associate of the Defendant, Robert "Chip" Armstrong,   was licensed to use the works at issue in this action, and the photographs were being used on the Sales Associate's website for the purpose they were purchased, within the scope of any license provided by the Plaintiff. By virtue of the license held by Defendant's Sales Associate, the Plaintiff expressly or impliedly authorized and consented to the Defendant's allegedly infringing use of its works. Plaintiff's claims are therefore barred as a matter of law.

### FOURTH AFFIRMATIVE DEFENSE

16. Plaintiff's photographs entitled " Ocean Trail Aerial and Ocean Trail Full Moon "have been released to the public domain and are available on the internet by other sources such that it could be said that Defendant's use is a fair use for which no claim of infringement will lie or the use is protected by the first sale doctrine

## FIFTH AFFIRMATIVE DEFENSE

17. Defendant acted in good faith and without any intent to infringe upon Plaintiff's works. Defendant was not aware and had no reason to believe that its use of the photographs entitled -1004 Rhodes Villa Ave a  and 610 N. Ocean Blvd Night Pool constituted an infringement of any copyright as the photographs were published in real estate listings of third party real estate brokers who had authorized Defendant to use the photographs in the advertising of the listed properties for sale  as listed with such third party brokers.

## SIXTH AFFIRMATIVE DEFENSE

18. One or more of Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver and estoppel.

## **DEMAND FOR ATTORNEY FEES**

19. Defendant  has retained undersigned counsel to represent it in this matter and have obligated themselves to pay reasonable attorneys' fees therefore, which fees are recoverable against Plaintiff pursuant to 17 U.S.C. § 505.

**WHEREFORE,** Defendant The Keyes Company, demands entry of judgment against Plaintiff, including attorneys' fees and costs, together with such other and further relief this Court deems just and proper.

Dated May 24, 2018

/s/     Bruce D. Friedlander
Bruce D. Friedlander, Fla Bar 304816
Email  bdf@friedlanderkamelhair.com
Friedlander & Kamelhair, PL
1520 E Sunrise Blvd
Ft. Lauderdale, FL 33304-2363
Ph. (954) 893-1376;  Fax (954) 893-1376
Attorney for The Keyes Company

18-80442-CIV-COHN-MATTHEWMAN

## CERTIFICATE OF SERVICE

I CERTIFY that on May 24, 2018, I electronically filed this, Defendant The Keyes Company's Answer and Affirmative Defenses with the Clerk of Court by using CM/ECF system which will send a notice of electronic filing to

Joel B. Rothman, Esq.
Schneider Rothman Intellectual Property Law Group, PLLC
4651 N. Federal Hwy.
Boca Raton, Florida 33431
PH (561) 404-4350
FAX (561) 404-4353
EMAIL joel.rothman@sriplaw.com

Alex C. Cohen, Esq,
Schneider Rothman Intellectual Property Law Group, PLLC
4651 N. Federal Hwy.
Boca Raton, Florida 33431
PH (561) 990-3533
FAX (561) 404-4353
EMAIL alex.cohen@sriplaw.com

/s/   Bruce D. Friedlander
Bruce D. Friedlander, Fla Bar 304816
Email  bdf@friedlanderkamelhair.com
Friedlander & Kamelhair, PL
1520 E Sunrise Blvd
Ft. Lauderdale, FL 33304-2363
Ph. (954) 893-1376;  (305) 371-7386
Fax (954) 893-1376
Attorney for The Keyes Company